# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                                                                          PLAINTIFF

v.                                             No. 4:11CR00074 JLH

JULIAN ALTON PARAMORE, JR.                                                                                    DEFENDANT

## OPINION AND ORDER

Julian Alton Paramore, Jr., was indicted in a two-count indictment. Count 1 charged that Paramore had committed forcible assault against an officer of the United States, a correctional officer at the Federal Correctional Complex in Forrest City, Arkansas, while that officer was engaged in the performance of his duties, in violation of 18 U.S.C. §§ 111(a)(1) and 111(b). Document #1. Paramore was also charged with making a prohibited weapon in violation of 18 U.S.C. § 1791(a)(2). *Id*. Paramore entered into a plea agreement with the United States pursuant to Federal Rule of Civil Procedure 11(c)(1)(C). Document #63. Pursuant to that agreement, Paramore pled guilty to Count 1. *Id*. Count 2 was dismissed. Document #68. In the plea agreement, Paramore and the United States stipulated to a sentence of 120 months. Document #63 at 4. At sentencing, the Court accepted the plea agreement and sentenced Paramore to 120 months. Document #67.

Paramore has now filed a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and a motion to appoint counsel. Paramore argues in his motion that his sentence should be vacated and corrected pursuant to *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569, which held that the residual clause definition of a crime of violence in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional.

Twenty-eight U.S.C. § 2255 provides prisoners in federal custody a mechanism to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. Relief under

§ 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Here, the record shows conclusively that Paramore is entitled to no relief.

The presentence report shows the base offense level was 14 under U.S.S.G. § 2A2.2. A four-level enhancement was applied pursuant to § 2A2.2(b)(2)(B) because a dangerous weapon was designed, possessed and used. A six-level enhancement was applied pursuant to U.S.S.G. § 2A2.2(b)(3)(E) because the victim sustained serious bodily injury. A two-level enhancement was also applied pursuant to U.S.S.G. § 2A2.2(b)(6) because the offense of conviction was under 18 U.S.C. § 111(b). Finally, a six-level enhancement was applied pursuant to U.S.S.G. § 3A1.2(c)(2). The enhancements brought the adjusted offense level to 32. Paramore was deemed to be a career offender, but under U.S.S.G. § 4B1.1, the offense level also was 32, so his classification as a career offender did not effect the offense level. At sentencing, the government moved for a three-level reduction for acceptance of responsibility. With the three-level reduction, Paramore's total offense level was 29.

The presentence report reported that Paramore was convicted of two counts of bank robbery in the United States District Court for the Eastern District of Tennessee in 1999. He was also convicted of one count of aiding and abetting bank robbery by force and violence and three counts

of bank robbery by force and violence in the United States District Court for the Western District of North Carolina in 2004. According to the presentence report, Paramore had a total criminal history score of 11, which would have created a criminal history category of V, but because he was a career offender, the criminal history category was VI pursuant to U.S.S.G. § 4B1.1(b).

The sentencing table provides for a term of imprisonment between 151 and 188 months for a person with an offense level of 29 and a criminal history category of VI. The sentencing table also provides for a sentencing range of 140 to 175 months for a person with an offense level of 29 and a criminal history category of V. Paramore, however, was sentenced to a term of 120 months pursuant to his Rule 11(c)(1)(C) plea agreement. Document #63. He was not sentenced pursuant to the guidelines. Had he been sentenced under the guidelines as a career offender, as noted, the guideline range would have been between 151 and 188 months imprisonment. Had he been sentenced under the guidelines without the designation of a career offender, his guideline range would have been 140 to 175 months imprisonment. Because the classification of Paramore as a career offender under the guidelines had no effect on his sentence, he is not entitled to relief under *Johnson*, even if *Johnson* applies retroactively to cases on collateral review (which it probably does not). *See United States v. John Keith McCaughan*, E.D. Ark. No. 4:09CR00043-JLH-1, Document #53.

It is established in the Eighth Circuit that a knowing and voluntary waiver of collateral-appeal rights is generally enforceable. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011); *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). "Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage

of justice." *Ackerland*, 633 F.3d at 701 (citing *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc)). Paramore's plea agreement provides that the defendant waives the right to attack his conviction and sentence collaterally pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct. Document #63 at 3. Paramore does not contend that the sentence imposed was in violation of this plea agreement, nor does he contend that his guilty plea was unknowingly and involuntarily made due to ineffective assistance of counsel. The Eighth Circuit has recognized that an otherwise valid waiver of post-conviction rights does not prevent a defendant from attacking an illegal sentence but "the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception" and does not include sentences imposed within the statutory range or misapplications of the sentencing guidelines. *Ackerland*, 633 F.3d at 702. "A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime." *Andis*, 285 F.3d at 729. Paramore's sentence was not illegal. Indeed, it was below the guideline range with or without the career offender enhancement. And it was exactly the sentence for which Paramore bargained and to which he stipulated.

For the reasons stated, Julian Alton Paramore, Jr.'s motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Document #70. The motion to appoint counsel is denied. Document #71. No certificate of appealability will be issued. The Court directs the Clerk of Court to send a copy of this Opinion and Order to Julian Alton Paramore, Jr.

IT IS SO ORDERED this 15th day of June, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE